# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ZILYEN, INC.,                       )
                                    )
               Plaintiff,           )
                                    )
        v.                          )        Civil Action No. 12-0433 (RBW)
                                    )
RUBBER MANUFACTURERS               )
ASSOCIATION,                        )
                                    )
                                    )
               Defendant.           )
_____)

## MEMORANDUM OPINION

The plaintiff, ZilYen, Inc., brought this action against the defendant, Rubber

Manufacturers Association, asserting claims of breach of contract and copyright infringement

under the Copyright Act, 17 U.S.C. § 501 (2006).  First Amended Complaint ("Am. Compl.") ¶¶

38–55.  This Court subsequently granted the defendant's motion to dismiss the plaintiff's

copyright infringement claim and dismissed the breach of contract claim over which it had only

supplemental jurisdiction.  ZilYen, Inc. v. Rubber Mfrs. Ass'n, __ F. Supp. 2d __, __, 2013 WL

1302012, at *11 (D.D.C. 2013).  The defendant now asks the Court to award it attorneys' fees

pursuant to 17 U.S.C. § 505.  Motion for Award of Attorneys' Fees ("Def.'s Mot.") at 1.   After

considering the submissions of the parties,[1] the Court concludes that it must deny the defendant's

motion.

---

[1] In addition to the filings already referenced, the Court considered the following submissions in rendering its decision: (1) ZilYen, Inc.'s Opposition to Rubber Manufacturers Association's Motion for Award of Attorneys' Fees ("Pl.'s Opp'n"), and (2) Rubber Manufacturers Association's Reply to ZilYen, Inc.'s Opposition to Motion for Award of Attorneys' Fees ("Def.'s Reply").

## I. BACKGROUND

The facts and analysis of the merits of the plaintiff's claims are set forth in this Court's earlier Memorandum Opinion and will only be summarized here.

This litigation arises from a dispute between the parties regarding a contract under which the plaintiff was to "design, produce, and deliver" 200,000 compact discs ("CDs") to the defendant "for distribution among its members." Am. Compl. ¶ 6. When a portion of the total number of CDs was delivered to the defendant, the defendant's employees "ran the CD software on their computers," which "require[d] a copy to be made on the random access memory . . . of the user's computer in order to properly run the application." Id. ¶ 54. Thereafter, the defendant contacted the plaintiff "alleging that the CDs as delivered contained an error in the link to the Adobe Reader X software on the CD." Id. ¶ 31. The defendant therefore refused to pay the plaintiff the remaining balance due under the contract. Id. ¶¶ 29, 30, 37.

The plaintiff then brought suit alleging breach of contract and copyright infringement of the CD software. Id. ¶¶ 38–55. The defendant responded with a motion to dismiss the plaintiff's copyright infringement claim, asserting an affirmative defense under 17 U.S.C. § 117, an implied license to use the CDs, and joint authorship of the copyrighted software. See Further Motion to Dismiss Statutory Copyright Infringement Count ("Def.'s Mot. to Dismiss") at 1–2. This Court agreed that the defendant's actions did not amount to an infringement under § 117 of the Copyright Act and that the defendant had an implied license to use the CD software in the manner challenged by the plaintiff, and did not address the defendant's final argument regarding joint authorship. See ZilYen, __ F. Supp. 2d at __, 2013 WL 1302012, at *10 & n.6. The Court sua sponte dismissed the remaining state law breach of contract claim pursuant to 28 U.S.C. §

1367(c).  Id. at __, *11.  The defendant now requests an award of attorneys' fees pursuant to 17

U.S.C. § 505.  Def.'s Mot. at 1.

## II. ANALYSIS

The relevant provision of the Copyright Act provides the following:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or any officer thereof.  Except as otherwise provided by this title, the court may award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added).  Section 505 thus does not provide for automatic

recovery of attorneys' fees by the prevailing party.  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534

(1994).  Rather, fees are to be awarded "only as a matter of the court's discretion."  Id.  While

"[t]here is no precise rule or formula for making these determinations," id. (citation omitted),

courts typically consider factors such as "frivolousness, motivation, objective unreasonableness

(both in the factual and in the legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence," id. at 534 n.19

(citation omitted).  The application of these factors must be "faithful to the purposes of the

Copyright Act" and "applied to prevailing plaintiffs and defendants in an evenhanded manner."

Id.

The defendant argues that these factors weigh in favor of an award of attorneys' fees to

compensate it for "defending against a questionable copyright infringement claim."[2]  Def.'s Mot.

at 4.  The defendant also claims a presumptive entitlement to attorneys' fees under the

"refinement of the Fogerty standard" adopted by the United States Court of Appeals for the

Seventh Circuit first in Gonzales v. Transfer Techs., 301 F.3d 608, 610 (7th Cir. 2002), and then

---

[2] The plaintiff does not counter the defendant's assertion that it is properly considered the prevailing party under § 505, and thus the Court considers the point to be conceded.  Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (Walton, J.), aff'd, 98 F. App'x 8 (D.C. Cir. 2004).

expanded in Assessment Techs. of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir.

2004).  See Def.'s Mot. at 5–6; Def.'s Reply at 2.  Pursuant to the Assessment Technologies

approach, a court reviewing a request for attorneys' fees under § 505 accords a presumptive

entitlement to attorneys' fees to "the prevailing party in a copyright case in which the monetary

stakes are small," a presumption considered "very strong," when the defendant is the prevailing

party.  Assessment Techs., 361 F.3d at 437 (citations and quotation marks omitted).  The Seventh

Circuit reasoned that a presumptive entitlement was warranted because "an award of attorneys'

fees may be necessary to enable the party possessing [a] meritorious claim or defense to press it

to a successful conclusion rather than surrender it because the cost of vindication exceeds the

private benefit to the party."  Id. at 437.  The court concluded that this was particularly true when

the prevailing party is the defendant because a defendant "could not obtain an award of damages

from which to pay [its] lawyer no matter how costly it was for [it] to defend against the suit."  Id.

While the considerations underlying the presumptive entitlement set forth by the Seventh

Circuit are certainly relevant to a court's consideration of the appropriateness of a fee award

under § 505, the Court declines to adopt the presumption employed in the Seventh Circuit.  In

Fogerty, the Supreme Court considered a split of authority among the circuit courts of appeals

regarding the proper standard for awarding attorneys' fees under § 505, under which some courts

applied a standard whereby "prevailing plaintiffs are generally awarded attorneys' fees as a

matter of course, while prevailing defendants must show that the original suit was frivolous or

brought in bad faith," while other courts invoked an "'evenhanded' approach" under which

prevailing plaintiffs and defendants are treated equally, Fogerty, 510 U.S. at 520–21, and

concluded that the latter was the proper standard to apply, id. at 534.  Moreover, in making fee

awards under § 505, the Court identified the "nonexclusive factors" set forth above, but

4

admonished lower courts that these and any other factors must be "applied to prevailing plaintiffs and defendants in an evenhanded manner," id. at 534 n.19, so that "prevailing plaintiffs and prevailing defendants are . . . treated alike," id. at 534.  These pronouncements cause this Court to find the presumptive entitlement to attorneys' fees, to the extent that it favors an award of fees to a prevailing defendant, see Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.3d 822, 824 (7th Cir. 2005) ("In Assessment Technologies[,] . . . we held that prevailing defendants in copyright cases, like [the defendant], are presumptively entitled (and strongly so) to recover attorney fees."), to be inconsistent with Fogerty's command that prevailing plaintiffs and defendants be treated equally in determining whether to award attorneys' fees, see Jovani Fashion, Ltd. v. Cinderella Divine, Inc., 820 F. Supp. 2d 569, 575 (S.D.N.Y. 2011) (noting that Assessment Technologies "appears to conflict" with Fogerty's holdings that "fee-shifting is a matter for the district court's discretion, that prevailing defendants and plaintiffs are to be evaluated 'alike' and 'in an evenhanded manner,' and that the Copyright Act did not adopt 'the British Rule for automatic recovery of attorney's fees by the prevailing party.'" (quoting Fogerty, 510 U.S. at 534 & n.19)).  Accordingly, this Court will not apply a presumption in favor of an award of fees to the defendant, but will consider the concerns underlying the presumption in its analysis of the appropriateness of a fee award under § 505.

   1. **Frivolousness and Objective Unreasonableness**

   The Court finds that the plaintiff's copyright infringement claim was neither frivolous nor objectively unreasonable.  The defendant did not contest the validity of the plaintiff's copyright or that the use of the CDs by its employees constituted a "copying" of original elements of the work within the meaning of 17 U.S.C. § 501, and thus, that the plaintiff had established a prima facie case of copyright infringement under 17 U.S.C. § 501.  See ZilYen, __ F. Supp. 2d at __,

2013 WL 1302012, at *3 (citing Def.'s Mot. to Dismiss).  Thus, the plaintiff's copyright infringement claim cannot be considered frivolous.  See LZT/Filliung P'ship, LLP v. Cody/Braun & Assocs., Inc., 117 F. Supp. 2d 745, 753 (N.D. Ill. 2000) (copyright infringement claim was not frivolous because the plaintiff genuinely thought that the defendant copied the plaintiff's building plans); Quinn v. City of Detroit, 23 F. Supp. 2d 741, 752 (E.D. Mich. 1998) (copyright infringement claim was not frivolous because the court found that the plaintiff held a valid copyright, even though claim was not ultimately meritorious).

In determining whether a claim is objectively unreasonable, "[t]he mere fact that a defendant has prevailed," Berry v. Deutsche Bank Trust Co. Ams., 632 F. Supp. 2d 300, 305 (S.D.N.Y. 2009) (citation and quotation marks omitted), or that the claim was resolved on a motion to dismiss, is not dispositive, Jovani Fashion, 820 F. Supp. 2d at 573.  Rather, courts "must determine if a copyright claim is clearly without merit or otherwise patently devoid of legal or factual basis."  Berry, 632 F. Supp. 2d at 305 (citation and quotation marks omitted).

The plaintiff contends that the Court's dismissal of its copyright infringement claim was a "close decision, requiring analytical gymnastics due to the state-law issues and lack of controlling federal law," Pl's Opp'n at 10, and then proceeds to vociferously repeat the arguments it raised in opposition to the defendant's motion to dismiss, see id. at 10–16.  While the Court disagrees with the plaintiff's characterization of the Court's decision as "close," and finds the plaintiff's arguments as unpersuasive now as it did before, the Court agrees that the plaintiff's copyright infringement claim was not objectively unreasonable.  There was a reasonable possibility that the Court would reach a different outcome on the merits of the plaintiff's copyright infringement claim in light of the lack of controlling authority in this Circuit.  Indeed, if the Court had followed the reasoning of Synergistic Technologies, Inc. v. IDB

<u>Mobile Communications, Inc.</u>, 871 F. Supp. 24 (D.D.C. 1994), in which a former member of this Court concluded that ownership under § 117 should be determined by reference to relevant provisions of the District of Columbia Uniform Commercial Code, the Court may have reached a different conclusion regarding the plaintiff's claim.  See <u>Synergistic Techs.</u>, 871 F. Supp. at 29. As explained in detail in the prior opinion in this case, the Court ultimately found the reasoning of <u>Krause v. Titleserve, Inc.</u>, 402 F.3d 119 (2nd Cir. 2005), more compelling.  See <u>ZilYen</u>, __ F. Supp. 2d at __, 2013 WL 1302012, at *4–6.  But the fact that the plaintiff could point to case authority in support of its position, in light of the lack of binding authority, demonstrates that the plaintiff's copyright infringement claim is not "clearly without merit" or "patently devoid of legal or factual basis."  See, e.g., <u>Traicoff v. Digital Media, Inc.</u>, No. 03-1781, 2007 WL 2286133, at *3 (S.D. Ind. Aug. 7, 2007) (denying attorneys' fees because there was no binding authority on the issue, the plaintiff's position was supported by a case from another circuit, and the parties had a contract governing their relationship).  Moreover, this Court even acknowledged that the facts in <u>Krause</u> are not directly analogous to the facts underlying the plaintiff's claim, and thus the Court's ultimate reliance on <u>Krause</u>, while perhaps likely, was not inevitable.  See <u>ZilYen</u>, __ F. Supp. 2d at __, 2013 WL 1302012, at *6.

The defendant asserts that the plaintiff's claim is unreasonable because the underlying premise contradicts reasonable commercial practice, insofar as "a customer who ordered a CD should not expect to be sued for copyright infringement by simply test running the CD on a computer."  Def.'s Mot. at 7.  The defendant, however, offers no support for this assertion.  As already noted, the plaintiff established a prima facie copyright infringement claim and was able to point to case law in support of its position.  And, the defendant's success on its motion to dismiss is not dispositive of whether it should receive attorneys' fees.  See <u>Berry</u>, 632 F. Supp.

2d at 305.  Accordingly, under the circumstances in this case, the Court cannot say that the plaintiff's copyright infringement claim was objectively unreasonable.

### 2.  Motivation

The defendant alleges that the plaintiff acted in bad faith by bringing a copyright infringement claim for the purposes of manufacturing federal jurisdiction over its other claims and pressuring the defendant to resolve the contract dispute by exposing it to statutory damages. See Def.'s Mot. at 7 & n.1.  Further, the defendant alleges that the plaintiff's litigation tactics complicated this litigation and thus increased the amount of the defendant's fees.  Id.  at 7. However, there is no evidence in the record supporting the defendant's allegations that the plaintiff's actions were taken solely to harass the defendant or without the belief that its copyright infringement claim rested on solid legal ground.  Cf. Agee v. Paramount Commc'ns, Inc., 869 F. Supp. 209, 211–12 (S.D.N.Y. 1994) (finding that the plaintiff's goal was to harass the defendant seeking attorneys' fees and awarding fees because the plaintiff named more than one hundred defendants from across the country, made numerous infringement claims, demanded excessive damages, filed motions without evidence to support the allegations, and acted deceptively).  On the record here, the Court would have to speculate to reach the conclusion that the plaintiff had an inappropriate motivation in bringing this litigation or acted in bad faith in conducting it.  That the Court cannot do.

### 3.  Considerations of Compensation and Deterrence

Courts must be "faithful to the purposes of the Copyright Act" in awarding attorneys' fees under § 505, and requests for fees are considered in light of the strong tradition that each party generally bears its own attorneys' fees.  Fogerty, 510 U.S. at 533–34 & 534 n.19.  The defendant asserts that an award of attorneys' fees is appropriate here because it incurred

litigation costs in defending a copyright action that it characterizes as "questionable" and which are "outside the scope of [the Rubber Manufacturers Association's] operation and anticipated budget." Def.'s Mot. at 7.  It also argues that attorneys' fees are appropriate because as a prevailing defendant, it did not receive a damages award from which to pay its legal fees.  Def.'s Reply at 3.  As explained above, however, the plaintiff's claim, while unsuccessful, was not as "questionable" as the defendant contends.  Furthermore, while the Court does not doubt that the defendant's assertion that the legal fees incurred in litigating this case caused it financial hardship, "[d]efense of reasonable legal claims, under the so-called 'American rule,' is in most instances a cost of business." Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc., 60 F. Supp. 2d 544, 551 (E.D. Va. 1999) (citing Fogerty, 510 U.S. at 533–34).  Moreover, as the plaintiff noted, it is a small business with similarly limited litigation resources, and thus, there is no great financial disparity between the parties.  See Pl.'s Opp'n at 9.

The particular circumstances of the present action also do not warrant an award of attorneys' fees in order to deter future suits.  As noted above, the plaintiff's copyright infringement action was neither frivolous nor objectively unreasonable, and the plaintiff did not demonstrate bad faith in this litigation.  Therefore, an award of attorneys' fees is not appropriate to deter the plaintiff from bringing future suits of this nature.

### III. CONCLUSION

After considering the defendant's arguments in favor of an award of fees and the factors suggested by the Supreme Court in Fogerty to guide its analysis of whether to award attorneys' fees under § 505, the Court finds that an award of attorneys' fees is not warranted in this case. Accordingly, the defendant's motion for attorneys' fees is denied.

**SO ORDERED** this 2nd day of August, 2013.[3]

REGGIE B. WALTON
United States District Judge

---

[3] An Order consistent with this Memorandum Opinion will be issued contemporaneously.